

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| X.AI LLC | ) Case No.: 2:25-cv-12295-JGB-SSC |
| | ) *Honorable Jesus G. Bernal* |
| | ) |
| *Plaintiff,* | ) **[PROPOSED] ORDER GRANTING** |
| | ) **PLAINTIFF X.AI LLC'S MOTION** |
| | ) **FOR PRELIMINARY** |
| | ) **INJUNCTION** |
| | ) |
| v. | ) |
| | ) |
| ROB BONTA, in his official capacity | ) |
| as Attorney General of the State of | ) |
| California, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |
| | ) |

**[PROPOSED] ORDER**

Plaintiff X.AI LLC's Motion for Preliminary Injunction was heard on February 23, 2026, the Honorable Jesus G. Bernal presiding.  The parties were represented by their respective counsel of record.  This Court, having considered all papers and arguments submitted by the parties, and for good cause shown, hereby **GRANTS** Plaintiff X.AI LLC's Motion for Preliminary Injunction.

*     *     *

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff X.AI LLC ("xAI") sued Defendant Rob Bonta, in his official capacity as Attorney General of the State of California, alleging that Assembly Bill 2013 ("A.B.2013") violates xAI's constitutional rights under the Takings Clause (Counts I and II), Compl.¶¶70-101, the First Amendment (Count III), Compl.¶¶102-16, and the Due Process Clause of the Fourteenth Amendment (Count IV), Compl.¶¶117-25.  xAI has moved to preliminarily enjoin Attorney General Bonta's enforcement of A.B.2013 against xAI during the pendency of this litigation.

First, A.B.2013 likely violates the Takings Clause.  xAI holds trade secrets in certain dataset information subject to disclosure under A.B.2013.  Such information is economically valuable because it is unknown.  If xAI's competitors were aware of the unique data xAI has acquired to train its artificial intelligence ("AI") models and xAI's process of identifying and selecting the high-quality data for training, they could pinpoint deficiencies in their training regimen and replicate xAI's successes. Stanley.Decl.¶¶23-25; *E.W. Bank v. Shanker*, 2021 WL 3112452, at *9 (N.D. Cal. July 22, 2021).  xAI has also made significant efforts to preserve the secrecy of such information, including by securely storing it and using role-based, time-limited access on a need-to-know basis.  Barrett.Decl.¶¶4-14; *Whyte v. Schlage Lock Co.*,

[PROPOSED] ORDER GRANTING xAI'S MOTION FOR PRELIMINARY INJUNCTION                    NO. 2:25-cv-12295-JGB-SSC

125 Cal.Rptr.2d 277, 286-87 (Cal. Ct. App. 2002).  But A.B.2013's disclosure requirements appropriate those trade secrets.  If xAI must publicly disclose granular details about the sources of its datasets, their sizes, the types of data it uses, and how it furthers xAI's models' intended purpose, that will destroy xAI's "right to exclude" others from accessing that information, *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 150 (2021), causing xAI to "los[e] [its] property interest" in those trade secrets entirely, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011 (1984).  That is a *per se* taking.  A.B.2013 also effects a regulatory taking.  Its severe economic burdens (i.e., the loss of xAI's competitive advantage in a burgeoning industry), Stanley.Decl.¶¶20-25; *Pharm. Rsch. & Mfrs. of Am. v. Stolfi*, 153 F.4th 795, 839 (9th Cir. 2025), its unprecedented interference with longstanding protections of trade secrets under both California and federal law, *see* Cal. Civ. Code §§3426, *et seq.*; 18 U.S.C. §§1831, *et seq.*, and the fact that xAI's trade-secrets "property right[s] [are] extinguished" by its categorical disclosure obligation, *Ruckelshaus*, 467 U.S. at 1002, confirm that A.B.2013 accomplishes a regulatory taking.  Because A.B.2013 provides no mechanism to compensate xAI for the lost trade secrets, California cannot enforce A.B.2013 against xAI consistent with the Takings Clause.  *See Pharm. Rsch. & Mfrs. of Am. v. Williams*, 64 F.4th 932, 942-46 (8th Cir. 2023).

Second, A.B.2013 likely violates the First Amendment.  It is content-based because it "compel[s] [xAI] to speak a particular message."  *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755, 766 (2018).  It also discriminates on the basis of viewpoint by forcing developers to disclose information to "identify and mitigate biases," *see* Cal. S. Rules Comm., A.B.2013*, Senate Floor Analysis* 3 (Aug. 20, 2024), https://perma.cc/6L5E-LXKC, and because developers of AI models with certain favored "purpose[s]" are exempted from its requirements, Cal. Civ. Code

- 2 -

§3111(b).  *See Moody v. NetChoice*, 603 U.S. 707, 741 (2024); *City of Austin v. Reagan Nat'l Advert.*, 596 U.S. 61, 74 (2022).  A.B.2013 thus triggers strict scrutiny.  But it flunks any level of heightened scrutiny because it is not "narrowly tailored to serve a significant governmental interest." *McCullen v. Coakley*, 573 U.S. 464, 486 (2014).  Its disclosure obligations "are more extensive than necessary" to help "consumers … make informed decisions" about AI models, and they ultimately benefit only xAI's competitors by allowing those rivals to replicate its models' successes.  *X Corp. v. Bonta*, 116 F.4th 888, 903 (9th Cir. 2024).

Third, A.B.2013 is likely unconstitutionally vague.  It does not define the key terms "dataset" or "data point," or provide guidance on *how much* information must be disclosed to constitute a "high-level summary."  Given xAI's free speech and trade-secret rights are at stake, A.B.2013 lacks the requisite "narrow specificity," *NAACP v. Button*, 371 U.S. 415, 433 (1963), and its open-ended mandate "invite[s] arbitrary enforcement," *Kashem v. Barr*, 941 F.3d 358, 364 (9th Cir. 2019).

xAI will "suffer[] irreparable harm" if California enforces A.B.2013 against xAI for failing to provide sufficiently detailed disclosures.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).  A.B.2013 would deprive xAI of its constitutional rights and give xAI's rivals an unfair competitive advantage by forcing xAI to disclose its trade secrets.  *Id.*; *WeRide Corp. v. Kun Huang*, 379 F.Supp.3d 834, 847 (N.D. Cal. 2019).  The public interest and balance of the equities also favor a preliminary injunction because neither California nor the public has an interest in the enforcement of an unconstitutional law.  *Baird*, 81 F.4th at 1042.

All preliminary-injunction factors therefore favor preliminarily enjoining A.B.2013's enforcement against xAI.

- 3 -

[PROPOSED] ORDER GRANTING xAI'S MOTION FOR PRELIMINARY INJUNCTION          NO. 2:25-cv-12295-JGB-SSC

**THEREFORE, IT IS ORDERED** as follows:

1.    Plaintiff X.AI LLC's Motion for Preliminary Injunction is hereby **GRANTED**.

2.    Defendant Rob Bonta as well as all officers, agents, and employees subject to his supervision, direction, or control, are **ENJOINED** from enforcing the provisions of AB 2013, codified at Cal. Civ. Code §3111, against X.AI LLC, during the pendency of this action.

3.    This Court determines that no bond shall be required.

**IT IS SO ORDERED**.


Dated:_____, 2026        _____

HONORABLE JESUS G. BERNAL
United States District Court Judge

- 4 -

[PROPOSED] ORDER GRANTING xAI'S        NO. 2:25-cv-12295-JGB-SSC
MOTION FOR PRELIMINARY INJUNCTION