ADAM S. SIEFF (Cal. Bar #302030)
DAVIS WRIGHT TREMAINE LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel.: (213) 633-8618
adamsieff@dwt.com

ERIN E. MURPHY (*pro hac vice*)
JAMES Y. XI (*pro hac vice*)
MITCHELL K. PALLAKI (*pro hac vice*)
ILAN J. POSNER (*pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Tel.: (202) 742-8900
erin.murphy@clementmurphy.com

*Attorneys for Plaintiff X.AI LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| X.AI LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>    *Defendant*. | Case No.: 2:25-cv-12295-JGB-SSC<br>*Honorable Jesus G. Bernal*<br><br>**PLAINTIFF X.AI LLC'S STATEMENT REGARDING DEFENDANT ROB BONTA'S RESPONSE TO THE COURT'S FEBRUARY 23 ORDER**<br><br>**ACTION SEEKING STATEWIDE RELIEF**<br><br>Courtroom: 1<br>Date: February 23, 2026<br>Time: 9:00 a.m. |

1

# X.AI LLC'S STATEMENT REGARDING DEFENDANT ROB BONTA'S RESPONSE TO THE COURT'S FEBRUARY 23 ORDER

During this Court's Feburary 23, 2026, hearing on Plaintiff X.AI LLC's ("xAI") Motion for Preliminary Injunction, the Court directed Defendant Rob Bonta to file a statement informing the Court "whether there is any current intention to institute an enforcement action against Plaintiff based on the disclosures Plaintiff has already made." Dkt.32. While the state filed a document that purportedly complies with that Order, it refuses to respond to the Court's question. California instead claims that it "cannot comment on whether or when the Attorney General intends to pursue specific enforcement actions." Dkt.33.

The state's (non)-response confirms that xAI has standing to bring this pre-enforcement challenge. Ninth Circuit precedent is clear: When it comes to newly enacted statutes like A.B.2013, the "failure to *disavow* enforcement is sufficient to establish a credible threat of prosecution." *Foothills Christian Ministries v. Johnson*, 148 F.4th 1040, 1050 (9th Cir. 2025); *see* P.I Reply at 1-2. Far from disavowing enforcement of A.B.2013, California has reiterated that it retains both the authority and the discretion to pursue an enforcement action against xAI. Dkt.33.

What is more, the state's refusal to say whether xAI's disclosures satisfy xAI's obligations under A.B.2013 underscores that the statute is unconstitutionally vague. If the state is unwilling (or unable) to say what its own statute requires, it is hard to see how parties regulated by the statute are supposed to make that determination. The state's position boils down to the notion that it can be vague about what the statute requires at the front end (even after requests from regulated parties for clarity), and then reserve the authority to bring an enforcement action if it later determines that regulated parties get it wrong. But that approach invites exactly the kind of

arbitrary and discriminatory enforcement (particularly against companies with disfavored viewpoints, *see* P.I. Reply at 8; P.I. Opp. at 14-20) that the Due Process Clause and the First Amendment prohibits. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012); P.I. Mot. 22-23.

For these reasons and those set forth in xAI's briefing and at the preliminary-injunction hearing, the Court should grant xAI's motion.

Respectfully submitted,

s/*Adam S. Sieff*
ADAM S. SIEFF (Cal. Bar #302030)
DAVIS WRIGHT TREMAINE LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel.: (213) 633-8618
adamsieff@dwt.com

ERIN E. MURPHY (*pro hac vice*)
JAMES Y. XI (*pro hac vice*)
MITCHELL K. PALLAKI (*pro hac vice*)
ILAN J. POSNER (*pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Tel.: (202) 742-8900
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
mitchell.pallaki@clementmurphy.com
ilan.posner@clementmurphy.com

*Attorneys for Plaintiff X.AI LLC*

March 2, 2026